Law Office of Mullins & Trenchak
PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 9924
VICTORIA MULLINS, ESQ.
Nevada State Bar No. 13546
1212 South Casino Center Blvd.
Las Vegas, Nevada  89104
P: (702) 476-5101
F: (702) 476-5158
E: phil@trenchaklaw.com
E: victoria.c.mullins@gmail.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANNA L. SANON, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, INC., a foreign corporation; CHRISTOPHER DAVENPORT, an individual; DOE INDIVIDUALS 1 through 300; and ROE BUSINESS OR GOVERNMENTAL ENTITIES 1 through 300, inclusive,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff, Shanna L. Sanon (hereinafter "Plaintiff"), by and through her attorneys PHILIP J. TRENCHAK, Esq., and VICTORIA C. MULLINS, Esq., and hereby avers and alleges as follows:

**GENERAL ALLEGATIONS**

1.　　　Plaintiff, SHANNA L. SANON (hereinafter "Plaintiff"), is and was at all times material

-1-

to this action, an individual residing in the State of Nevada.

2. Plaintiff is informed and believes, and thereupon alleges, that Defendant BANK OF AMERICA, INC. (hereinafter "Defendant" of "Bank of America") is a foreign corporation lawfully doing business in the State of Nevada.

3. Plaintiff is informed and believes, and thereupon alleges, that Defendant CHRISTOPHER DAVENPORT (hereinafter "Defendant" or "Davenport"), is and was at all times material to this action, an individual residing in the County of Clark, State of Nevada.

4. Plaintiff is informed and believes, and thereupon alleges that Defendants DOE INDIVIDUALS 1 through 300, inclusive, are either individuals residing in the State of Nevada, or business entities whose forms are unknown, duly authorized to transact, and in fact transacting, business in the State of Nevada.

5. Plaintiff is informed and believes, and thereupon alleges that Defendants ROE BUSINESSES OR GOVERNMENTAL ENTITIES 1 through 300, inclusive, are either business or governmental entities whose forms are unknown, duly authorized to transact, and in fact transacting, business in the State of Nevada.

6. Plaintiff is unaware of the true names and capacities, whether corporate, individual, associate, or otherwise of the other defendants, and therefore sues those defendants by fictitious names DOE INDIVIDUALS 1 through 300; and ROE BUSINESS OR GOVERNMENTAL ENTITIES 1 through 300, inclusive. When Plaintiff ascertains the identities and exact nature of such fictitious defendants, she will seek leave of this Court to amend this Complaint to assert the true names thereupon.

7. Plaintiff is informed and believes, and thereupon alleges, that the fictitiously named defendants sued herein by fictitious names DOE INDIVIDUALS 1 through 300; and ROE BUSINESS

OR GOVERNMENTAL ENTITIES 1 through 300, inclusive, and each of them are in some manner responsible for the acts alleged herein.

8. Plaintiff is informed and believes, and thereupon alleges, that the named defendants, each of them, and the fictitiously named defendants sued herein by fictitious names DOE INDIVIDUALS 1 through 300, and ROE BUSINESS ENTITIES 1 through 300, inclusive, were the agents and/or employees of the other remaining defendants and were at all times acting within the purpose and scope of such agency and/or employment.

## **JURISDICTION**

10. This is an action for damages arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e to 2000e-17 (retaliation), the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990 and amendments thereto, 42 U.S.C. §12101 et seq. (hereinafter "ADA").

11. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343(a)(4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

12. Bank of America employs in excess of five hundred (500) individuals in the Las Vegas valley.

13. All material allegations relative to the named defendants contained in this Complaint are believed to have occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

14. Plaintiff initiated the process of filing a Charge of Discrimination against her employer, the Defendant(s) named in this action with the United States Equal Opportunity Commission ("EEOC") wherein she alleged discrimination on the basis of retaliation as a continuing action.

15. That Plaintiff has received her Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. Please see attached Exhibit A.

16. This action was filed within 90 days of the EEOC "Right to Sue" Letter being received by Plaintiff. Therefore this action is timely.

17. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## GENERAL ALLEGATIONS

18. That Plaintiff first became employed as a teller for Defendant Bank of America on June 13, 2015.

19. That on or about March of 2018, Plaintiff and her husband gave birth to a baby boy

20. That at that time, Plaintiff was working for Defendant Bank of America at their location on Camino El Norte in North Las Vegas, Nevada.

21. That said location was convenient for Plaintiff because it was in a safe, clean neighborhood and close to her home.

22. That Plaintiff returned to work on or about the first of May, 2018. Plaintiff did not bring her new baby to work with her.

23. That as a new mother, Plaintiff was required to pump her breasts twice a day, once in the morning and once in the afternoon.

24. That each pumping only required Plaintiff to be away from her station for fifteen (15) minutes, at the most.

25. That Defendant Bank of America refused to provide Plaintiff with a private area where she could be alone for her required pumping.

26. That the manager of the Bank of America Branch where Plaintiff was employed was Defendant Christopher Davenport.

27. That Defendant Davenport routinely complained, in the presence of other employees, about Plaintiff having to take the aforementioned short breaks twice a day.

28. That Defendant Davenport routinely exclaimed in front of other employees that Plaintiff was taking breaks and ignoring the bank's "mother fucking clients."

29. That Defendant Davenport routinely yelled at Plaintiff, in front of other employees, his lack of patience with her having to "pump your mother fucking breasts."

30. That Defendant Davenport routinely yelled at Plaintiff, in front of other employees, that she cannot disrupt "his" business by "mother fucking pumping your breasts."

31. In addition to the verbal abuse from Defendant Davenport, Defendant Bank of America refused to provide Plaintiff with reasonable accommodations so that she could take her 15 minutes break in privacy.

32. That Bank of America made Plaintiff do her pumping in the employee lunchroom, where she was routinely interrupted by other employees, thus causing her great embarrassment.

33. That Plaintiff was in contact with Defendant Bank of America's corporate HR department concerning the situation, and they promised Plaintiff that they would provide her with accommodations so that she could take her pumping breaks in private.

34. That instead of providing Plaintiff with reasonable accommodations, Defendants, each of them, decided that it was easier to transfer Plaintiff and they conspired to send her to another branch location.

35. That on June 11, 2018, Plaintiff was informed that she was being transferred to the branch located at the intersection of Martin Luther King Blvd. and Washington Street in Las Vegas.

36. That said transfer by Defendants was done in retaliation for Plaintiff seeking reasonable accommodations.

37. That said branch location is in a high-crime neighborhood and is extremely far from Plaintiff's home.

38. That Plaintiff was given no reason for the transfer.

39. That Defendants, each of them, hoped that Plaintiff would resign after being transferred to such an undesirable, unsafe, and inconvenient locations.

40. That the MLK & Washington location has no private areas for Plaintiff to take her breaks in private.

41. That Plaintiff continues to suffer embarrassment at the new location from her co-workers who walk in on her in the breakroom while she is pumping.

42. That Defendants refuse to allow Plaintiff to return to the Camino El Norte branch, without explanation.

43. That Plaintiff has been humiliated, embarrassed, harassed, belittled, and pressured to resign because of her disability (lactating).

///

///

///

## FIRST CAUSE OF ACTION
### Discrimination Based on Race, Color, National Origin, Gender or Age in violation of State and Federal Statutes
**(Against Defendant Bank of America)**

44. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

45. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race, color, national origin, gender, and age or a combination thereof.

46. Defendants are an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

47. Defendants refused to take reasonably adequate steps to prevent discrimination against Plaintiff in the workplace when managers and/or employees made disability and sex-based decisions towards Plaintiff to disparate terms of employment.

48. Defendants discriminated against Plaintiff (who is was lactating) when they allowed her to be verbally abused, refused to provide her with reasonable accommodations, and transferred her in hopes that she would resign.

49. That no other similarly situated persons, not of Plaintiff's protected class, were subject to the same or substantially similar conduct.

50. Plaintiff suffered adverse economic impact which will be more fully described at the time of trial.

51. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

52. Plaintiff suffered and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

53. Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

54. Pursuant to 1991 Amendments to title VII, Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws. Discrimination based on race has been illegal since 1964 and an employer of the size, reputation and experience of Defendant should have not engaged in this blatant discrimination.

55. Plaintiff suffered damages in an amount deemed sufficient by the jury.

56. Plaintiff is entitled to an award of reasonable attorney's fees.

57. Defendants is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of his race.

58. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION
**Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and Nevada State Law, NRS 613.340**
**(Against Defendant Bank of America)**

59. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

60. In violation of 42 U.S.C § 200e-3, Defendants retaliated against Plaintiff after she complained of acts which she reasonably believed were discriminatory.

61. In violation of NRS 613.340 Defendants retaliated against Plaintiff after she complained of acts which she reasonably believed were discriminatory.

62. The behavior complained of also constitutes retaliatory harassment and the creation of an illegally hostile environment.

63. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff in her workplace.

64. The aforementioned actions and conduct by Defendants constitutes illegal retaliation which is prohibited by federal and state statutes.

65. Plaintiff has been seriously harmed, economically and emotionally by this unlawful retaliation and she is entitled to be fully compensated therefor.

66. Plaintiff has had to engage in the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

### THIRD CAUSE OF ACTION
### Civil Conspiracy
### (Against all Defendants)

67. Plaintiff re-alleges and incorporates above allegations as though fully set forth herein.

68. Defendants, and each of them, did know and understand that discrimination under the ADA was occurring and Plaintiff was being retaliated against for attempting to correct this action and Plaintiff was eventually transferred, with the hopes that she would resign, for this action.

69. Defendants, and each of them, did act together in order to harm Plaintiff.

70. Defendants, and each of them, did actually bring about harm to Plaintiff.

71. As a direct and proximate result of Defendants' Civil Conspiracy, Plaintiff suffered injuries, all of which have resulted in pain, discomfort, embarrassment, suffering, and other injuries and property damage.

72. As a further direct and proximate result of Defendants' Civil Conspiracy, Plaintiff has been forced to retain the services of an attorney and is entitled to an award of attorney's fees and costs.

### FOURTH CAUSE OF ACTION

## Concert of Actions
### (Against all Defendants)

73. Plaintiff re-alleges and incorporates above allegations as though fully set forth herein.

74. Defendants, and each of them, did know and understand that discrimination under the ADA was occurring and Plaintiff was being retaliated against for attempting to correct this action and Plaintiff was eventually transferred, with the hopes that she would resign, for this action.

75. Defendants, and each of them, did act together in order to harm Plaintiff.

76. Defendants, and each of them, did actually bring about harm to Plaintiff.

77. As a direct and proximate result of Defendants' concert of actions, Plaintiff suffered injuries, all of which have resulted in pain, discomfort, embarrassment, suffering, and other injuries and property damage.

## FIFTH CAUSE OF ACTION
### Negligent Supervision/Retention/Hiring
### (Against Defendant Bank of America)

78. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

79. Defendant had an obligation to provide Plaintiff with a workplace free of threat, harassment, retaliation, deprivation of his civil and constitutional rights, and denigration by her superiors and/or co-workers.

80. Defendant hired individuals who knowingly violated Federal and State law when they harassed, embarrassed, and failed to provide reasonable accommodations to Plaintiff.

81. Defendant's failure to properly hire, supervise and or retain its employees and address this conduct in an appropriate manner caused injury to Plaintiff.

82. Plaintiff is entitled to damages in an undetermined amount to be proven at trial.

83. Plaintiff is entitled to an award of reasonable attorney's fees.

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress
### (Against all Defendants)

84. Plaintiff re-alleges and incorporates above allegations as though fully set forth herein.

85. Defendants' conduct was extreme and outrageous with the intention of, or reckless disregard for, causing emotional distress to Plaintiff.

86. Plaintiff suffered severe emotional distress as the actual result of Defendants' conduct.

87. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff suffered injuries, all of which have resulted in pain, discomfort, embarrassment, suffering, and other injuries and property damage.

88. As a further direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff has been forced to retain the services of an attorney and is entitled to an award of attorney's fees and costs.

### SEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against all Defendants)

89. Plaintiff re-alleges and incorporates above allegations as though fully set forth herein.

90. Defendants owed a duty of care to Plaintiff as her employer, to not cause her harm, and such duty is deepened by her status as their employee and their subordinate.

91. Defendants breached their duty of care to Plaintiff as they were notified, repeatedly, in written form and verbally.

92. Defendants' breach of their duty of care to Plaintiff was the legal cause of Plaintiff's injuries.

93. Plaintiff has suffered serious emotional distress as a result.

94. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff suffered injuries, all of which have resulted in pain, discomfort, embarrassment, suffering, and other injuries in an amount to be proven at trial.

89. As a further direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff has been forced to retain the services of an attorney and is entitled to an award of attorney's fees and costs.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial for this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

## ON ALL CAUSES OF ACTION

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

3. For punitive damages sustained by Plaintiff in an amount in excess of $15,000.00;

4. For reasonable attorney's fees and costs of suit;

5. For interest at the statutory rate; and,

6. For such other and further relief as the Court deems proper.

DATED this ___ day of October, 2018

MULLINS AND TRENCHAK, ATTORNEYS AT LAW

/s/: Philip J. Trenchak
PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 9924
1212 S. Casino Center Blvd.
Las Vegas, Nevada 89104
Attorneys for Plaintiff

## PLAINTIFF'S JURY DEMAND

Plaintiff, SHANNA L. SANON, by and through her attorneys of record, PHILIP J. TRENCHAK, ESQ., and VICTORIA MULLINS, Esq. of the law firm MULLINS & TRENCHAK, respectfully submits this Demand for Jury pursuant FRCP 38 in the above captioned matter.

DATED this 27 day of November.

          MULLINS & TRENCHAK

          /s/ Philip J. Trenchak
          PHILIP J. TRENCHAK, ESQ.
          Nevada State Bar No. 9924
          1212 S. Casino Center Blvd.
          Las Vegas, Nevada 89104
          Telephone: (702) 476-5101
          Email: phil@trenchaklaw.com
          Attorneys for Plaintiff

# Exhibit A

# Notice of Right to Sue

# Exhibit A

# Notice of Right to Sue

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Shanna Sanon<br>C/O Philip J. Trenchak, Esq.<br>THE LAW OFFICES OF MULLINS & TRENCHAK<br>1212 South Casino Center Blvd.<br>Las Vegas, NV 89104 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2018-01588 | Saul Vazquez, Investigator | (702) 388-5812 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Wendy K. Martin,
Local Office Director

AUG 3 0 2018
*(Date Mailed)*

Enclosures(s)

cc: Reg. Case Management Team
Reg. Case Mgmt Team
BANK OF AMERICA
401 N. Tryon St.,
NC1-021-09-03
Charlotte, NC 28255

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.